IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00533-RJC-DSC

| | |
|---|---|
| **BARBARA GRIFFITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BANC OF AMERICA MERCHANT** | ) |
| **SERVICES LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #8) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, Defendant hired Plaintiff as a Solutions Consultant in December 2016. In early 2018, she was promoted to Vice President, Business Consultant, Large Corporate, Retail and Consumer. Prior to Plaintiff's promotion, Defendant issued its thirty-two page "2018 Sales Incentive Plan: Large Corporate Business

1

Consultant" ("Sales Plan"). See Exhibit A to Document #1. Pursuant to the Sales Plan, she was entitled to a year end 2018 performance-based "Over Achievement Bonus." Defendant paid Plaintiff only a small portion of the bonus. When Plaintiff complained about the reduced bonus, Defendant terminated her.

On August 19, 2019, Plaintiff filed an employment discrimination charge with the North Carolina Department of Labor. The Department of Labor has not taken action on the charge or issued Plaintiff a right to sue letter.

On October 14, 2019, Plaintiff filed her Complaint alleging claims for breach of contract and for violations of the North Carolina Wage and Hour Act ("NCWHA") and North Carolina's Retaliatory Employment Discrimination Act ("REDA").

On November 12, 2019, Defendant moved to dismiss arguing that Plaintiff's breach of contract and NCWHA claims fail because it had total discretion to determine bonuses under the Sales Plan. Defendant also contends that the Court lacks subject matter jurisdiction over Plaintiff's REDA claims because the Department of Labor has not issued her a right to sue letter.

## II. DISCUSSION

### A. Motion to Dismiss Fed. R. Civ. P. 12(b)(6)

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked

2

Case 3:19-cv-00533-RJC-DSC   Document 13   Filed 12/20/19   Page 2 of 9

by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### 2. Breach of Contract Claim

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 843 (N.C. App. 2000); Montessori Children's House of Durham v. Blizzard, 781 S.E.2d 511, 514 (N.C. App. 2016). For a contract to be valid, a definite "offer must be communicated, must be complete, and must be accepted in its exact terms." Yeager v. Dobbins, 114 S.E.2d 820, 824 (N.C. 1960). An enforceable contract requires assent, mutuality, and definite terms. See Horton v. Humble Oil & Ref. Co., 122 S.E.2d 716, 719 (N.C. 1961).

"A bonus offered by an employer to encourage more efficient service by an employee is an enforceable supplementary contract even though the bonus may be measured by earnings or productivity rather than by a fixed sum." Buchele v. Pinehurst Surgical Clinic. P.A., 341 S.E.2d 772, 775 (N.C. App.1986), aff'd, 349 S.E.2d 579 (N.C. 1986) (per curiam). However, when an employer retains total discretion whether to pay a bonus, there is no mutual agreement and thus no contract. See, e.g., McCabe v. Abbot Labs., Inc., 47 F. Supp. 3d 339 (E.D.N.C. 2014); Schoenberg v. E.I. DuPont De Nemours & Co., 1997 U.S. Dist. LEXIS 18331, *11-12 (W.D.N.C. 1997)

4

(unpublished) (applying North Carolina law), aff'd, 155 F.3d 561,1998 WL 390613, at *2-3 (4th Cir. 1998) (per curiam) (unpublished table decision); Moore v. Associated Brokers. Inc., 176 S.E.2d 355, 355-56 (N.C. App. 1970) (applying North Carolina law).

Defendant argues that the court's rationale in McCabe controls here. In McCabe, the defendant "retained the total discretion whether to pay a bonus. Accordingly, the court grant[ed] summary judgment to [defendant] on [plaintiff's] breach of contract claim." 47 F. Supp. 3d at 346. In McCabe, the defendant "reserve[d] the right in its sole and absolute discretion whether any payout, payout amount, or award is issued under any program… The amount or method of calculation of any Sales Bonus is discretionary, along with the decision as to whether any payout or award should be issued." Id. at 341 (emphasis added).

McCabe is distinguishable. There the Court granted summary judgment following discovery, concluding that the defendant had total discretion whether to pay a bonus. At this stage in the proceedings, the Court cannot conclude whether Defendant had total discretion to pay the bonus. The Sales Plan language gave Defendant's Senior Management discretion as follows:

> Senior Management will have the sole and absolute discretion to interpret and administer the [Sales Plan]. In addition, Senior Management will have the final, sole and binding decision-making authority with respect to the [Sales Plan].

Plaintiff's Exhibit A, pg. 6, ¶ 6, and

> All Participants who claim there is a discrepancy in any pay received under the Program . . . must submit a written dispute for review within a reasonable time . . .. Senior Management's review and decision regarding the dispute will be final and binding on the Participant or person claiming payment under the Program.

Plaintiff's Exhibit A, pg. 7, ¶ 9.

The Sales Plan contained language limiting Defendant's ability to make changes and requiring Defendant to give prior written notice to employees:

5

> Senior Management may revise, modify, suspend, amend, or terminate the Program or Program documents, in whole or in part, at any time and without consent by Participants. Senior Management specifically reserves the right to change the Program or Program documents in any manner that may modify or eliminate a component of or the amount of payment of compensation of any type, including commissions, otherwise payable under this Program. The Compensation Practices Committee is the only group authorized to approve Program changes. <u>Participants will be provided written notification in advance of the effective date of any revision, modification, suspension or amendment as required by law</u>.

Plaintiff's Exhibit A, pg. 2, ¶3 (emphasis added). Plaintiff alleges that she was never given notice of any changes to the Sales Plan.

The Sales Plan also contains terms contradicting Defendant's contention that it retained total discretion concerning bonuses. Defendant's right to reduce or recover bonuses was limited to certain circumstances, none of which are present here. Section A¶16 of the Sales Plan entitled, "Non-payment or Recoupment of Funds" provides that:

> The Company reserves the right not to pay, recoup funds or offset from future payments all or a portion of any sales incentive compensation payment under this Program if it is determined that any earnings were derived from one of the following issues:
>
> Program Participant is disqualified per the criteria detailed in Section 5 General Terms and Conditions [relating to fraud, dishonesty and other ethical violations].
>
> Program Participant is disqualified per the criteria detailed in Section 15 General Terms and Conditions [related to taking excessive risks].
>
> Sales incentive compensation calculation errors and adjustments, such as an error in a paid commission calculation resulting in an overpayment to a Participant.
>
> Churning.

Plaintiff's Exhibit A, pg. 9, ¶16.

"The court must construe the contract as a whole and [its provisions] must be appraised in relation to all other provisions." <u>Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.</u>, 658 S.E.2d 918, 921 (N.C. 2008) (internal quotation omitted). "It is presumed that each part of the

6

Case 3:19-cv-00533-RJC-DSC   Document 13   Filed 12/20/19   Page 6 of 9

contract means something." Brown v. Lumbermens Mut. Casualty Co., 390 S.E.2d 150, 153 (N.C. 1990) (quotation omitted). "The various terms of the [contract] are to be harmoniously construed, and if possible, every word and every provision is to be given effect[.]" Duke Energy Corp. v. Malcolm, 630 S.E.2d 693, 695 (N.C. App. 2006) (quotation omitted); see also In re Foreclosure of a Deed of Trust, 708 S.E.2d 174, 178 (N.C. App. 2011) (quoting Duke Energy).

Considering the Sales Plan as a whole, Defendant did not retain "total discretion" whether to pay bonuses. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's breach of contract claim be denied.

### 3. North Carolina Wage and Hour Act Claim

The North Carolina Wage and Hour Act ("Act") provides that "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly." N.C. Gen. Stat. § 95-25.6. Further, "[a]ny employer who violates the provisions of . . . G.S. 95-25.6 . . . shall be liable to the employee. . . in the amount of their unpaid . . . compensation, or their unpaid amounts due under G.S. 95-25.6…" N.C. Gen. Stat. § 95-25.22(a).

Defendant again argues that the Court's rationale in McCabe, supra, mandates dismissal of Plaintiff's NCWHA claim. For the reasons stated above, the undersigned respectfully recommends that Defendant's Motion to Dismiss this claim be denied as well.

### C. Motion to Dismiss Fed. R. Civ. P. 12(b)(1)

The existence of subject matter jurisdiction is a threshold issue. The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389

(1998) (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

To pursue a retaliation claim under REDA, an employee must first file a written complaint with the North Carolina Department of Labor alleging a statutory violation. N.C. Gen. Stat. §§ 95-242; see also Johnson v. North Carolina, 905 F. Supp. 2d 712, 727-28 (W.D.N.C. 2012). The Department of Labor will then investigate the claim and either file a civil action on behalf of the employee or issue a right-to-sue letter. See id. §§ 95-242-43. The aggrieved employee must receive a right-to-sue letter before filing a civil action under REDA. See id. § 95-243(e) (emphasis added); see also Carr v. United States, 2018 LEXIS 178376 at *17-19 (E.D.N.C. 2018) (dismissing a plaintiff's North Carolina REDA claim under Rule 12(b)(1) for failure to exhaust his administrative remedies).  Hall v. Bank of Am. Corp., 2017 LEXIS 146601 at *10 (W.D.N.C. 2017); Satterwhite v. Wal-Mart Stores East, L.P., 2012 U.S. Dist. LEXIS 9584, *7-8 (E.D.N.C. 2012) (dismissing a REDA claim where plaintiff failed to exhaust available administrative remedies).  The Department of Labor has not issued Plaintiff a right to sue letter.  Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to the REDA claim.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #8) be **GRANTED IN PART** and **DENIED IN**

**PART**, that is, **GRANTED** as to Plaintiff's claim for violation of North Carolina's Retaliatory Employment Discrimination Act and **DENIED** in all other respects.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: December 20, 2019

David S. Cayer
United States Magistrate Judge